IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TRAVIS CORK,

Defendant.

1:07-cr-183-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Travis Cork's Motion to Recuse All Judges from the United States District Court for the Northern District of Georgia and Motion to Change Venue ("First Recusal Motion") [22], the Report and Recommendation ("R&R") issued by Magistrate Judge E. Clayton Scofield, III on July 6, 2007 [25], and the *pro se* Motion to Recuse filed by Cork on July 19, 2007 ("Second Recusal Motion") [29].

In his First Recusal Motion, Defendant claims that the judges in this district "have discussed among themselves the alleged threats" made by Defendant for which he has been charged. Defendant claims each judge has a personal bias against him requiring that all judges recuse from this case and that venue should be transferred to another district pursuant to Rule 21 of the Federal Rules of Criminal

Procedure. In the R&R, the Magistrate Judge concluded that there was no factual basis for Defendant's assertions and recommended that Defendant's motion be denied. Defendant has not filed objections to the R&R.

In his Second Recusal Motion, filed after the R&R was issued, Defendant repeats his request that all of the judges in the district recuse themselves from his case. Defendant claims that on the day he was indicted, certain federal officials and Magistrate Judges Scofield and Vineyard, engaged in illegal acts. Defendant further alleges these officials and Judges Scofield and Vineyard are engaged in a cover-up of these illegal acts. Defendant extrapolates that the district judges in this Court thus cannot be fair and impartial and therefore should recuse.[1]

**Standard of Review**

With respect to portions of the R&R to which Defendant has not objected, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Here, the Defendant has not objected to the R&R, so the Court reviews the R&R for plain error. Id. The Court considers the Second Recusal Motion as an original motion filed with the Court.

---

[1] Defendant requests that an evidentiary hearing be held on his allegations. Having reviewed the recusal motion, the Court determines that an evidentiary hearing to determine the issue of recusal is not required, and the request is denied.

**Discussion**

*First Recusal Motion*

Defendant predicates this motion on the assumption that all of the judges in this district must have discussed the threats he allegedly made against a Magistrate Judge, thus the district judges must be biased against him. This assumption is fundamentally flawed and has no factual support. Until the R&R and the Second Recusal Motion were presented to the Court for consideration, this Court was unaware of the alleged threats that are the basis of the charge against the Defendant. The Court has not discussed or overheard any discussions about this matter, has not reached any opinions about it, and thus is able to fairly and objectively preside over this case.

The Court agrees that there are no facts or circumstances here which would call into question the Court's impartiality. 28 U.S.C. § 455(a). Applying the criteria set forth in McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990), the Court concludes that an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought," would not "entertain a significant doubt about" this Court's impartiality in this matter. McWhorter, 906 F.2d at 678.

*Second Recusal Motion*

In this motion, Defendant states he was arrested on June 6, 2006, on a probation revocation warrant. He claims a hearing was not held on the probation revocation, but rather that a "supervised release revocation" hearing was held on January 12, 2007, even though he was not previously sentenced to supervised release, and that he ultimately was held in confinement for an alleged violation of probation until his indictment on April 26, 2007. Defendant alleges that Magistrate Judges Scofield and Vineyard are "willing to do ANYTHING, say ANYTHING, to perpetuate a cover-up of what did and did not occur on April 26, 2007."[2] (Second Recusal Motion at 4.) On the basis of these allegations, Defendant claims that "the occurrence and events of April 26, 2007, involve serious crimes perpetrated against the Defendant by federal officers, including judges in the Northern District of Georgia." (Id. at 1.)

---

[2] Defendant also complains about the appointment of Bruce Kirwan as his standby counsel. Defendant alleges that Mr. Kirwan is "an accessory to the crimes of kidnapping and false imprisonment of the Defendant" and that " Mr. Kirwan's continued presence as 'stand-by counsel' is, naturally, enraging to Defendant." (Second Recusal Motion at 7-8.) Defendant does not move for relief regarding Mr. Kirwan's appointment as stand-by counsel.

The Defendant does not allege that this Judge is implicated in this conduct and, at most, suggests that judicial officers in the district must be biased, requiring recusal. The Court disagrees. Considering Defendant's claims, the Court concludes that an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [is] sought," would not "entertain a significant doubt about" this Court's impartiality in this matter. McWhorter, 906 F.2d at 678.

**Conclusion**

Having carefully reviewed the R&R for plain error and having considered the Second Recusal Motion,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation of United States Magistrate Judge issued by Magistrate Judge E. Clayton Scofield, III on July 6, 2007 [25].

**IT IS FURTHER ORDERED** that Defendant Travis Cork's Motion to Recuse All Judges from the United States District Court for the Northern District of Georgia and Motion to Change Venue [22] and Motion to Recuse [29] are **DENIED**.

**SO ORDERED** this 31st day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE