IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:07-cr-183-WSD |
| TRAVIS WALTER CORK, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Government's Motion to Appoint Standby Counsel [36] and the Government's Motion to Continue Trial [37].

On September 11, 2007, this Court entered an Order placing this case on the Court's October 1, 2007 trial calender, with a precise trial date to be determined in the future. Defendant Travis Cork is proceeding *pro se* in this case. Between this case and a prior case against him, Mr. Cork has been represented by seven standby attorneys. Mr. Cork is not currently represented by standby counsel.

The Government moves for the Court to appoint new standby counsel for Mr. Cork and to continue the trial until standby counsel can be appointed. Counsel for the Government represents, based on extensive courtroom experience with Mr. Cork:

> Based on my observation, Mr. Cork is prone to becoming very anxious, and during three prior proceedings, he has asked the court to remove him from the courtroom during the proceeding. On two of these occasions, Mr. Cork was proceeding *pro se* with standby counsel, and his removal from the courtroom necessitated standby counsel taking over for Mr. Cork. . . . [I]t is likely that Mr. Cork will ask to . . . be removed from the courtroom during the proceedings, and without the presence of standby counsel, the court would be required to continue trial for an undetermined time while a jury is seated.

(Government's Br. at 2.)

Mr. Cork has not opposed the motion to appoint counsel or the motion to continue.

A Defendant's right to a speedy trial is governed by the Speedy Trial Act, 18 U.S.C. § 3161. That statute excludes from calculation "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor the Court is required to consider in making this determination is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice . . . ." Id. at § 3161(h)(8)(B)(i).

2

Based on the Government's representations and the Court's experience with Mr. Cork, the Court finds that providing Mr. Cork with standby counsel, even if standby counsel is not consulted, is in the interests of Mr. Cork's defense and to assure he has available appropriate resources to allow him to prepare for and present his defense in this action.

For these reasons, the Court finds that new counsel should be made available to Mr. Cork and the Court has requested that standby counsel be appointed. The Court further finds that the ends of justice in continuing the trial until new counsel can be appointed and familiarized with Mr. Cork's defense outweigh the best interest of the public and the defendant in a speedy trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Appoint Standby Counsel [36] is **GRANTED**. The Magistrate Court is directed to appoint new standby counsel for Defendant Cork.

**IT IS FURTHER ORDERED** that the Government's Motion to Continue Trial [37] is **GRANTED**. This case shall be placed on the Court's next available trial calendar. The time between the date of this Order and the continued trial date is deemed to be excluded from the computation of time for purposes of the Speedy

Trial Act pursuant to Title 18, United States Code, Section 3161(h)(8)(A), that the ends of justice served by excluding this time, outweigh the interests of the public and the defendant in a speedy trial.

    **SO ORDERED** this 12th day of October, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE