IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:07-CR-183-WSD |
| TRAVIS WALTER CORK, | |
| Defendant. | |

## OPINION AND ORDER

The matter is before the Court on *Pro Se* Defendant Travis Walter Cork's ("Defendant") motion for appointment of a fourth lawyer to represent him and to continue the trial. This order also addresses the Defendant's decision to remove himself from the courtroom during trial.

On March 3, 2008, the trial of this matter began. Just before the jury was empaneled, the Defendant made two unanticipated requests. First, he requested that "appropriate counsel" be appointed to represent him, stating he could not work with the standby counsel appointed by the court. He also indicated he wanted more time to prepare for trial because he did not get the Government's witness list until the pretrial conference four weeks ago. When these motions were denied, for the reasons stated below, Defendant issued a profanity-laced set of remarks, stood up, stated he refused to participate in the trial and walked out of the courtroom.

Deputy United States Marshals returned him to their secured facilities.

    A.    <u>Request for appointment of new counsel</u>

"[A] criminal defendant has both a constitutional right to representation by counsel and a constitutional right to self-representation. To accommodate both of these rights simultaneously, this court has held that the right to counsel is preeminent over the right to self-representation because the former attaches automatically and must be waived affirmatively to be lost, while the latter does not attach unless and until it is asserted." <u>Marshall v. Dugger</u>, 925 F.2d 374, 376 (11th Cir. 1991) (internal quotation marks omitted), <u>reh'g denied</u>, 933 F.2d 1023 (11th Cir. 1991). "An indigent criminal defendant has an absolute right to be represented by counsel, but he does not have a right to have a particular lawyer represent him, nor to demand a different appointed lawyer except for good cause. Good cause for substitution of counsel cannot be determined 'solely according to the subjective standard of what the defendant perceives.' A defendant's general loss of confidence or trust in his counsel, standing alone, is not sufficient." <u>Thomas v. Wainwright</u>, 767 F.2d 738, 742 (11th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1031 (1986) (quoting <u>McKee v. Harris</u>, 649 F.2d 927, 932 (2d Cir. 1981)).

The Court has appointed three attorneys to represent the Defendant in this case. On April 30, 2007, the Court appointed Michael H. Saul to represent Mr. Cork [5]. This relationship was not satisfactory to the Defendant and he asked for a new lawyer to be appointed. In response to that request, on May 14, 2007, the Court appointed P. Bruce Kirwan to represent the Defendant [7]. Unsatisfied with Mr. Kirwin, on June 22, 2007, the Defendant notified the Court in writing that he intended to represent himself at trial [18]. After a hearing on July 13, 2007, the Court found that the Defendant had knowingly and voluntarily waived his right to counsel and was permitted to represent himself [27]. On September 24, 2007, the Government moved the Court to appoint standby counsel to be available to assist the Defendant if assistance was requested [36]. On October 12, 2007, the Court granted the Government's motion and appointed Bernard S. Brody as the Defendant's standby counsel [38]. Mr. Brody has attended all proceedings in this case since his appointment.

At the conclusion of the *voir dire* examination of potential jurors at the start of trial, the Defendant requested that a fourth counsel be appointed to assist him in his defense. In making this request, Defendant stated he did not get along with Mr.

Brody and that Mr. Brody did not answer his questions.[1]

A criminal defendant has a constitutional right to be represented at trial, and, in recognizing this right, the Court has appointed three competent attorneys to represent the Defendant in this case. The third attorney, Mr. Brody, currently serves as Defendant's standby counsel. In this case, Defendant has terminated two previous counsel relationships and elected to represent himself. Before allowing him to proceed *pro se*, the Court determined, following a hearing, that the Defendant waived his right to counsel by knowingly, voluntarily, and repeatedly stating that he wished to represent himself. In several recent pretrial proceedings, including at a hearing on February 29, 2008, the Defendant has reiterated his desire to represent himself. While the Defendant can, in good faith, change his mind, in this case Defendant has not shown good cause why Mr. Brody cannot adequately represent him in this matter. He simply asserts they "cannot work together." Excerpt of Official Transcript of March 3, 2008 ("Excerpt") at p. 2. In these criminal cases, the Court concludes this is an inadequate basis to appoint a fourth

---

[1] When asked what questions Mr. Brody would not answer, Defendant stated Mr. Brody could not tell him when he would be released if he "reentered" the motion to suppress he had filed and later withdrew earlier in this matter. Excerpt at pp. 2-3.

lawyer to represent the Defendant, and the Defendant's motion for appointment of a fourth lawyer is denied.

    B.    <u>Continuance request</u>

The Defendant also moved for a continuance because he argues he did not receive the Government's witness list sufficiently in advance of trial to prepare his defense. "A criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial. Although in civil cases litigants may be required to designate expert witnesses during discovery, the scope of discovery in criminal cases is significantly more restricted." <u>United States v. Johnson</u>, 713 F.2d 654, 659 (11th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1030 (1984) (internal citations omitted). The Defendant was not entitled to receive the Government's witness list in advance of trial, and failure to be given an advance list of the Government's witnesses is not grounds to continue the trial. <u>See</u> <u>Bernese v. United States</u>, 25 F.2d 231, 231-32 (5th Cir. 1928). As no other ground for continuance was stated, the Defendant's motion for a continuance is denied.[2]

---

[2] The Court notes this trial was previously continued at the request of the Defendant. The Defendant claimed at the pretrial conference that he needed additional time to prepare for trial. The Court granted the continuance request and gave the Defendant approximately five additional weeks to prepare for trial.

C.      Defendant's voluntary decision not to participate in or attend the trial

Finally, the Court turns to the Defendant's decision to remove himself from the courtroom during trial. Federal Rule of Criminal Procedure Rule 43 states that a defendant who was initially present at trial waives the right to be present "when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial." Fed. R. Crim. P. 43(c)(1)(A). If, after trial has begun, a defendant voluntarily absents himself, "this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." See Taylor v. United States, 414 U.S. 17, 19 (1973); Foster v. Wainwright, 686 F.2d 1382 (11th Cir. 1982) ("In a non-capital case, a criminal defendant's voluntary absence after the trial has commenced in his presence need not prevent continuing the trial, to and including the return of the verdict.").

The Eleventh Circuit has addressed the issue of what constitutes the commencement of trial, holding that for purposes of Rule 43,[3] "a trial has

---

[3] The Eleventh Circuit cites Fed. R. Crim. P. Rule 43(b)(1), which is the precursor to Rule 43(c)(1)(A).

commenced when the jury selection process has begun." United States v. Bradford, 237 F.3d 1306, 1310 (11th Cir. 2001). The court noted that its finding was supported by every other circuit to address the issue, all of which have held that a trial commences under Rule 43 when jury selection begins.[4] This holding is consistent with the language of Rule 43(a), which indicates that "jury impanelment" is a "trial stage." See id. A defendant cannot obstruct the proceedings by voluntarily absenting himself after the trial has begun in his presence. See Taylor, 414 U.S. at 20; Bradford, 237 F.3d at 1310.

In this case, as in Bradford, the Defendant here was present for the beginning of *voir dire*. It was only after *voir dire* commenced that the Defendant insisted he was not participating in the trial and chose to leave the courtroom.[5] After Defendant left, the Defendant was brought back into the courtroom, upon

---

[4] See United States v. Krout, 56 F.3d 643 (5th Cir. 1995); United States v. Camacho, 955 F.2d 950 (4th Cir. 1992); Government of the Virgin Islands v. George, 680 F.2d 13 (3d Cir. 1982); United States v. Miller, 463 F.2d 600 (1st Cir. 1972).

[5] The trial transcript indicates that Defendant twice stated, "I'm not participating." Excerpt at pp. 6-7. Defendant then continued by saying, "I am leaving. Anybody puts their goddamn hands on me is going to be facing assault." Defendant followed this statement with profane and obscene language, including profanity directed at the Court, and he was escorted out of the courtroom.

which the Court informed Defendant that he could return to the courtroom if he decided he wanted to participate. The Court also informed Defendant that because he has elected not to participate in the trial, the trial would proceed without him present, and the Defendant would be represented by standby counsel. Defendant was thus present for the commencement of trial, voluntarily left the courtroom after trial began, and was informed both of his right to return and participate in the trial,[6] and that the trial would proceed without him.

The fact that Defendant is in custody does not change the Court's analysis. The fact that Defendant is in custody does not itself preclude a voluntary waiver. See United States v. Nichols, 56 F.3d 403, 416 (2d. Cir. 1995), citing Wilson v. Harris, 595 F.2d 101, 104 n. 3 (2d. Cir. 1979) ("Whatever force was once exerted by the dictum that a defendant in custody does not have the power to waive his right to be present at his trial . . . has been diminished by Illinois v. Allen, which held that a defendant who persistently behaves disruptively at his trial may lose his right to be present."). The Eleventh Circuit also addressed this issue in Bradford.

---

[6] The Court notes that in the context of voluntary absence, the Supreme Court has held "that the defendant need not be expressly warned of rights under Rule 43. Nor did we require any type of waiver to exist on the record; the defendant's failure to assert his right was an adequate waiver." United States v. Gagnon, 470 U.S. 522, 528 (1985). See also Taylor, 414 U.S. at 19-20.

The defendant in that case argued that because she was a federal inmate, the court could have ordered the Marshal's Service to forcibly bring her into the courtroom. See Bradford, 237 F.3d at 1311. However, the court noted that Bradford chose of her own volition to remain in her cell, rather than attend the remainder of her trial. "Given the nature of the charges against Bradford and the court's concern for the safety of others in the courtroom, the court's decision not to attempt to bring Bradford forcibly into court was reasonable. Under Rule 43(b)(1), if Bradford voluntarily elected not to come once trial commenced, the court was under no obligation to force her." Bradford, 237 F.3d at 1314.

Defendant is on trial for one count of threatening to assault a United States judge, and one count of threatening a United States Probation Officer. The Court notes that during two preliminary hearings, Defendant utilized vile and offensive language, often directed at the Court. Despite receiving a warning before trial that such language and conduct would not be tolerated, Defendant continued to use offensive language and engage in disruptive conduct before voluntarily leaving the courtroom. The Court has notified the Defendant on several occasions of his right to be present at trial, and that the trial would proceed without him on account of his

voluntary absence.[7] Defendant has voluntarily waived his right to be present at trial.

The Court must consider whether or not to proceed with the trial *in absentia*. In doing so, the Court balances the public's interest with Defendant's right to be present. A court considers a number of factors in its analysis, including the likelihood the trial could soon take place with the defendant present, the difficulty of rescheduling, and inconvenience to the jurors, among other factors. See Bradford, 237 U.S. at 1313, citing United States v. Benavides, 596 F.2d 137 (5th Cir. 1979). The court added that a "defendant's contumacious conduct" is also a proper factor to be considered. See Bradford, 237 U.S. at 1314. "Given that Bradford's absence was a result of her own decision not to attend rather than the result of external circumstances preventing her attendance, such as illness or inclement weather, there was no reason to believe that the trial could have soon taken place with Bradford present." Id. The Court notes that the Defendant has already been granted one continuance. Further delay is not warranted, especially

---

[7] The Court notes that, had Defendant persisted in such conduct despite warnings that such behavior could lead to his removal, Defendant's disruptive behavior likely warranted removal. See Fed. R. Crim. P. Rule 43(c)(1)(c); Illinois v. Allen, 397 U.S. 337 (1970).

where defendant's absence is the result of his own willful refusal to stay in or return to the courtroom. Mr. Brody, Defendant's standby counsel, has been present at all proceedings since his appointment, and Mr. Brody is directed to represent Defendant in his absence.[8][9]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for new counsel is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's motion for a continuance is **DENIED**.

---

[8] The Supreme Court has held that a "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. Of course, a State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) (internal citations omitted); Illinois v. Allen, 397 U.S. 337 (1970) (after *pro se* defendant was removed from courtroom following disruptive conduct, standby counsel represented defendant for remainder of trial).

[9] The Court elected to adjourn the trial for a day to give Mr. Brody additional time to prepare for the case. Defendant's standby counsel agreed the trial can resume March 4, 2008 at 10:00 a.m.

**IT IS HEREBY FURTHER ORDERED** that the trial will continue *in absentia*. Defendant's standby counsel will represent the Defendant in his absence.

**SO ORDERED** this 4th day of March 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE