**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TRAVIS CORK, | : | MOTION TO VACATE |
| BOP No. 25217-038, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-4116-WSD-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:07-CR-183-WSD-ECS |

### FINAL REPORT AND RECOMMENDATION

In March 2008, a jury convicted Travis Cork for violating 18 U.S.C. § 115(a)(1)(B) by threatening to assault a United States judge and for violating 18 U.S.C. § 1503 by making a threatening phone call to a United States probation officer. See [Doc. Nos. 46, 87]. In January 2009, Mr. Cork's direct appeal was dismissed. [Doc. No. 100]. His conviction became final when his time for filing a petition for certiorari to the United States Supreme Court expired ninety days later. See Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1.

This matter is now before the Court because Mr. Cork has filed a "Petition for Writ of Habeas Corpus." [Doc. No. 102]. For the following reasons, the undersigned recommends that Mr. Cork's petition be summarily DISMISSED.

A federal prisoner must ordinarily bring any collateral attacks on the validity of his conviction or sentence under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.

2003). Even though he titled his filing "Petition for Writ of Habeas Corpus," it appears that Mr. Cork must have intended to have it treated as a motion filed under § 2255, since the petition appears to be a collateral attack on the validity of his convictions. In the event that he did not so intend, Mr. Cork is advised that:

> – the Court intends to treat his pleading as one arising under § 2255;
>
> – such characterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions; and
>
> – he may withdraw or amend his motion so that it contains all the § 2255 claims that he believes he has.

See Castro v. United States, 540 U.S. 375, 383 (2003). If Mr. Cork wishes to withdraw or amend his motion, he is **ORDERED** to do so within the objection period applicable to this Final Report and Recommendation.

A one-year period of limitations applies to a petition under § 2255, running from the latest of four specified events. See 28 U.S.C. § 2255(f). It appears in this case that the applicable event is "the date on which the judgment of conviction [became] final." Id. at (f)(1). The judgment of conviction against Mr.

2

Cork became final in April 2009.  Therefore, the § 2255 motion that Mr. Cork filed in November 2012 is untimely.

When "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(a).  According, the undersigned **RECOMMENDS** that Mr. Cork's § 2255 motion be **DISMISSED**, subject to Mr. Cork's right to amend or withdraw as set forth above.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  28 U.S.C. foll. § 2255, Rule 11(a).  A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v.

3

Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Mr. Cork has not demonstrated that he is entitled to federal habeas relief, that his § 2255 motion is not time-barred, or that both issues are reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 30th day of November, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)