# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CRIMINAL CASE NO. |
| v. | 1:07-cr-183-SCJ-AJB |
| TRAVIS WALTER CORK, | |
| Defendant. | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter came before the Court on an amended petition to revoke Defendant Cork's pretrial release. [Doc. 119]. Following Cork's initial appearance before the undersigned in July 2015, he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241 *et seq.*, first for a determination of his mental competency, and second, for restoration to competency. The matter is now before the Court on the September 26, 2016, Certificate of Restoration of Competency to Stand Trial, and following a hearing, the undersigned **RECOMMENDS** that Cork be found competent in that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

### *Background*

Defendant Cork is charged in an amended petition for warrant of offender under

supervision with violating the conditions of his supervised release by allegedly committing the offense of endeavoring to influence, intimidate or impede an officer of a court of the United States in that he made a total of six phone calls to Assistant U.S. Attorney Kim Dammers and left voice mail messages that are intimidating in their content, in violation of 18 U.S.C. § 1503; failing to submit a truthful and complete monthly report within the first five days for the months of September, October, and November, and December, 2014 and January, February, March, April, May, and June, 2015; refusing to comply with the probation officer's instruction to report to the U.S. Probation Office in Gainesville, Georgia on December 19, 2014; and failing to participate in a mental health treatment program. [Doc. 119]. Cork appeared initially before the undersigned magistrate judge on the amended petition to revoke supervised release on July 28, 2015. [Doc. 120]. Based on the record, the Court directed that Cork be examined by a mental health professional, and that said evaluation be conducted locally. [Doc. 123].

On August 24, 2015, following the evaluation and a hearing, the Court found that Cork was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or assist properly in his defense, [Doc. 131], and ordered him

committed for a period not to exceed four months to determine whether there was a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. [Doc. 132].

On March 2, 2016, the Court received a mental competency report and, while the report indicated that Defendant had made some progress with treatment, it also concluded that he was not yet competent to permit the criminal proceedings against him to go forward and thus it recommended that Cork's commitment be extended for another reasonable period of time, four months, to allow for additional treatment to restore competency. Copies of the report were forwarded to counsel for the parties. On April 5, 2016, the Court held a status conference with counsel, who reported that they had conferred regarding the report and consented to one additional extension for four months of continued treatment of Defendant without the necessity of a hearing. [Docs. 140, 141].

The September 26, 2016, report from the Bureau of Prisons Federal Medical Center in Butner, North Carolina ("Butner") contains the certification pursuant to 18 U.S.C. § 4241(e) that Cork now is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Govt. Exh. 1 at unnumbered page 3 (under seal).

*Facts*

At the hearing this date, the report and certification were entered into evidence. Govt. Exh. 1 (under seal). No other evidence was admitted. According to the report, Cork is diagnosed with Borderline Personality Disorder; Other Specified Schizophrenia Spectrum and Other Psychotic Disorder (Attenuated Psychosis Syndrome); and Antisocial Personality Disorder. Govt. Exh.1, Forensic Evaluation at 5.

During his stay at Butner, in May 2016, Cork was referred to a competency restoration group. Despite his articulated displeasure at having to participate, Cork appeared to have a good factual understanding of courtroom personnel and procedures. *Id.* at 7-8. He answered all the questions in a July 22, 2016, forced-choice competency evaluation that included questions about charges, pleas, sanctions, defendant's rights, and courtroom procedures, as well as items focusing on the roles of the judge, prosecutor, defense attorney, and witnesses. *Id.* at 8.

Similarly, on July 27 and 29, 2016, Cork provided well-formulated responses in the Competency Assessment Instrument - Revised, designed to assess an individual's knowledge of general legal proceedings. He was found to understand the nature of the charges against him, the potential penalties he faced, and his obligations under supervision, as well as the roles of the judge, prosecutor, defense lawyer, and witnesses.

*Id.* He also exhibited a good understanding of the pleas available to him and the consequences of those pleas. *Id.* at 8-9.

The forensic evaluation noted that despite Cork's tendency to be resistant and inflexible, the evaluator opined that Cork understood more than he admits as evidenced by his ability to reason through consequences when it directly benefits him. He was able to discuss a rational defense strategy; he understood his options and was capable of making rational choices among them; despite rigidity and inflexible expectations about the legal system, his attorney, and general law enforcement, he had definite ideas regarding his defense strategy and was able to articulate his strategy, wants, and needs clearly and effectively; he had an adequate ability to attend, recall, and reason through information; his functional memory did not appear impaired; he was able to understand and recall sophisticated legal concepts; he understood that he was charged with a supervised release violation and provided examples as to what comprised the offense behavior; he understood that he could be sentenced to a period of incarceration or, depending on the outcome of the current evaluation, face civil commitment procedures; he had a good understanding of the pleas available to him, as well as a good understanding of the consequences of each plea; he is able to remain self-contained and in good charge of himself should he choose to do so, and is capable of managing his

5

behavior appropriately in a courtroom setting as evidenced by his ability to communicate with the examiner; and he is able to behave according to expected standards of conduct. *Id.* at 9. The examiner noted that Cork admitted to feeling overwhelmed and stressed regarding his upcoming legal proceeding and the possible outcome of his legal case. However, despite Cork's Borderline Personality Disorder, Attenuated Psychosis Syndrome, and Antisocial Personality Disorder, the examiner opined that Cork is currently not suffering from a severe mental disease or defect and is competent to proceed in that he understands the nature and consequences of the proceedings against him and is able to assist properly in his defense. Thus, the evaluator opined that he is competent.

### *Conclusions of Law*

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). The system of competency proceedings developed in the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4246, applies to supervised-release revocation and modification proceedings. *United States v. Duncan*, 419 Fed. Appx. 894, 899 (11th Cir. Mar. 18, 2011); *United States v. Avery*, 328 F. Supp. 2d 1269, 1271-72

6

(M.D. Ala. 2004); *see also* 18 U.S.C. § 4241(a) ("[A]t any time after the commencement of probation or supervised release and prior to the completion of the sentence," the district court must *sua sponte* conduct a hearing to determine the defendant's mental competence "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").[1] An individual is considered competent to assist in his proceedings when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings against him. *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003); *see also Dusky v. United States*, 362 U.S. 402 (1960); 18 U.S.C. § 4241(a), (d), (e) (noting that a court must find a defendant incompetent when a preponderance of the evidence shows that "the defendant is presently suffering from a mental disease or defect rendering him

---

[1] Most of the cases dealing with the mental competency of a defendant involve the defendant's competency to stand trial. Of course, Cork is not standing trial but rather is subject to an amended petition to revoke his supervised release. In this R&R, the Court quotes precedent and other cases that describe the issue to be a defendant's competency to stand trial. The reader should interpret these cases as equally pertaining to whether Cork is competent to proceed on the amended petition.

AO 72A
(Rev.8/82)

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). The following factors are relevant in assessing competency: "a defendant's past medical history, the opinion of psychiatric experts, and the defendant's behavior during trial." *Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. Unit A, June 16, 1981).[2] The government bears the burden of proving that a defendant is competent to proceed. *United States v. Izquierdo*, 448 F.3d 1269, 1277 & n.7 (11th Cir. 2006) (citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)).[3]

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), [the Eleventh Circuit] adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to October 1, 1981." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1290 n.1 (11th Cir. 2007).

[3] Congress requires the following procedures to be followed in making competency determinations. Following a motion from the defendant or the government and a hearing, a court shall find the defendant incompetent if a preponderance of the evidence demonstrates that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (d). Once the defendant is found mentally incompetent, the defendant is committed to the Attorney General who shall hospitalize the defendant for treatment. *Id.* § 4241(d).

When "the director of a the facility in which a defendant is hospitalized . . . determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and

8

The Court concludes that the defendant is competent to proceed.

First, the Court notes that the defendant behaved appropriately during the competency hearing. He did not engage in any disturbing, obstructive, or distracting behavior in the courtroom. He appeared to be aware of the proceedings and was alert. His interaction with counsel was minimal. Cork made a *pro se* statement in which he denied incompetence and reiterated legal arguments that he has made in the past about the validity of his conviction and incarceration.

Second, the psychiatric opinion of Tanya L. Cunic, Psy.D, Forensic Psychologist at Butner, after going over Cork's medical and psychiatric histories and his course of evaluation and treatment at Butner both historically and more recently, indicates that Defendant is competent to proceed in that he understands the nature and consequences of the proceedings against him and is able to assist properly in his defense.

Third, the medical history before the Court demonstrates that Defendant's mental

---

to assist properly in his defense," the director shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. 18 U.S.C. § 4241(e). A court must then hold a hearing, conducted pursuant to the provisions of 18 U.S.C. § 4241(d), to determine the competency of the defendant. Following the hearing, the court will find an individual competent if a preponderance of the evidence shows "that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." *Id.* § 4241(e). The instant case is before the Court pursuant to § 4241(e).

AO 72A
(Rev.8/82)

condition has improved since he was initially declared incompetent.

As discussed above, three factors - - the defendant's demeanor during the competency hearing, the medical opinion, and the defendant's medical history - - indicate that Defendant is competent to proceed and is able to assist properly in his defense.

"A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent." *Maxwell v. Roe*, 113 Fed. Appx. 213, 215 (9th Cir. Oct. 22, 2004). Courts have "acknowledged the dramatic changes that can take place in a defendant's mental state in even a short period of time." *Id.* at 216. As a result, it is unreasonable for a court to rely on a stale competency determination when there is new evidence of incompetency. *Id.* (citing *deKaplany v. Enomoto*, 540 F.2d 975, 980-81 (9th Cir. 1976) (*en banc*)); *cf. Sanchez-Velasco v. Sec'y of Dep't of Corrs.*, 287 F.3d 1015, 1030 (11th Cir. 2002) (holding that state court's competency determination was presumptively correct where there was no evidence that inmate's mental condition had changed since the competency determination). The report and evidence that the Court relies upon in this R&R is timely.

Based on the foregoing discussion, the Court concludes that Defendant is presently competent to proceed because he has the ability to consult with his attorney

10

with a reasonable degree of understanding and he has a rational and factual understanding of the nature and the consequences of the proceedings being brought against him. *Cf. United States v. Caraza*, 843 F.2d 432, 437 (11th Cir. 1988) (finding no error in court's competency determination where testimony revealed that the defendant's schizophrenia condition improved while on medication and the defendant cooperated with the defense expert); *United States v. Frazier*, 255 F. Supp. 2d 27, 31-32 (D. Conn. 2001) (finding the defendant to be incompetent where evidence indicated that the defendant operated at a cognitive ability just above mild retardation and exhibited signs of psychotic illness).

Accordingly, the undersigned **CONCLUDES** that Defendant **IS COMPETENT TO PROCEED**. The Court **RECOMMENDS** that the District Court find by a preponderance of the evidence for the reasons contained in the uncontradicted evidence, that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d).

**IT IS SO RECOMMENDED**, this the 22nd day of November, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)